PERKINS, APPELLANT FROM A DECREE OF THE JUDGE OF PROBATE

*v.*

LITTLE & AL. RESPONDENTS.

If a widow waive the provision made for her in the will of her husband, she may have her dower assigned in his real estate ; but she can receive no part of his personal estate, if he has disposed of it by will.

THE appellant was the widow of *Joseph Perkins* deceased ; who, by his last will, devised to her one third part of his real estate, to hold during the term of her life ; and after providing for payment of his debts, and giving certain legacies to his children, bequeathed to his wife one third part of the *residue* of his personal estate. The widow waived the provision thus made for her by the will, and claimed her dower at law ; which was assigned to her out of the real estate ; whereupon she filed a petition to the Judge of Probate, praying him to order and decree to her " such portion of the personal estate of the de- " ceased as, according to her rank and condition in society, " and by the law of the State, she was entitled to." The Judge of Probate, considering her legal claims to be already satisfied by the assignment, decreed that she take nothing by her peti- tion ; from which decree she appealed to this Court, alleging, for cause of appeal, that by law she was entitled also to one third part of the personal estate.

*Orr*, for the appellant.

By the *Stat.* 1783. *c.* 24. *sec.* 8. " the widow, in all cases, may " waive the provision made for her in the will of her deceased " husband, and claim her dower, and have the same assigned " her, *in the same manner as though her husband had died intestate.*" Had he died intestate, in the present case, the widow would have been entitled to one third part of the *personal* estate for- ever, by *Stat.* 1805. *c.* 90. *sec.* 2. in addition to her life estate in one third part of the lands. And this part she claims upon her waiver of the provision made for her in the will.

*Abbot*, for the respondents.

It is provided by *Stat.* 1783. *c.* 24. *sec.* 8. that " the widow, " in all cases, may waive the *provision* made for her in the will

" of her husband, and claim her *dower*, and have the same as-
" signed to her in the same manner as though her husband had
" died intestate." The question then is upon the meaning of
the term "*dower*." It is defined to be that portion of the lands
and tenements of the husband, to which the wife is entitled for
her life, after his decease. *Co. Lit.* 30. *b.* The *Stat.* 1783. *c.* 39.
recognizes this definition. It is there made the duty of the heir
" to *assign* to the widow of the deceased her *dower*, or one third
" part of and in all the lands, tenements and hereditaments
" whereof by law she is or may be dowable." And it is observ-
able that the terms *assign*, and *dower*, are used as well in the
former as in the latter statute.

At common law the widow took no share of the personal
estate; and the only rational construction to be given to the
Statute of 1783. *c.* 24. is, that the legislature intended to give
the widow the liberty of choice between such provision as the
husband might make in the will, and her life estate in one third
part of his lands;—she might rely on the kindness of the hus-
band, or of the common law. And this construction, it is un-
derstood, has been judicially given in several cases which
formerly occurred in *Norfolk* and in *Barnstable.*

*Orr.* The principles of the common law respecting dower
were modified and enlarged in this country more than a century
since, by *Stat.* 4. *W. & M. c.* 2. which gave a portion of the
personal, as well as real estate, to the widow. Dower, means
nothing more nor less than that portion of the husband's estate,
to which the widow is, by law, entitled. By the common law
that portion was in lands only. But the legislature, intending
to protect the widow against the caprice or the tyranny of the
husband, enlarged it to include a third part of the personal es-
tate also. The statutes have, in this respect, given to the widow
and the creditor an equality of rights, by putting it out of the
power of the husband to defraud either of them. His estate is
chargeable with the payment of his debts, and with a certain
provision for his widow. He may, by will, set apart too small
a proportion of his estate for these objects;—and they may
acquiesce—or either of them may appeal to the justice of the
law, rather than to that of the husband. The refusal of the
widow to accept the provision made for her in the will, defeats

it, *pro tanto.* It is merely an election to consider her husband as dying intestate, so far as her own rights are concerned.

MELLEN C. J. The language of the appellant's application to the Judge of Probate is rather too vague and uncertain. The petition is, that " he would order and decree to her such " portion of the personal estate aforesaid, as, according to her " condition and rank in Society, and by the *laws* of the Com- " monwealth, she is entitled to." If the application be consid- ered as made to the discretion of the Judge, for an *allowance* out of the personal estate, suited to the appellant's condition and rank in life, then the appeal certainly cannot avail her ; because no document or fact is before us whereon to proceed, or whence to draw any conclusions in support of her claim. We have no inventory of the estate, and no amount of debts or legacies. In *this* view of the cause we could do nothing except affirm the decree of the Judge of Probate.

But it is said that the application was intended as a claim of her *legal rights,* and a petition that the Judge would decree to her that portion of the personal estate which *by law* belonged to her ; and in this view, and on these principles the cause has been argued. The question then is, what are the rights of a widow in and to the estate of a deceased husband, when she has waived the provision he made for her in his last will and testament?

The language of *Stat.* 1783. *c.* 24. *sec.* 8. in relation to this subject is this ;—" also the widow in all cases may waive the " provision made for her in the will of her deceased husband, " and claim her *dower,* and have the same assigned to her in " the same manner as though her husband had died intestate ; " in which case she shall receive no benefit from such provis- " ion, unless it appears by the will plainly the testator's inten- " tion to be in addition to her dower."

What then is *dower ?* The counsel for the appellant admits that according to the common law definition of the term, it has relation to *real* estate only ; but he contends that we are, in this State, to give the term a more liberal construction ; and that it now legally means *all* the property and estate which belongs to the widow of an intestate husband, whether real or personal.

Such, certainly, is not the import of the term in *England ;* nor has its meaning been changed since the Statute of distributions was enacted in that country, by which a widow's rights in the estate of an intestate husband are the same as those secured to her by our own laws. We do not perceive any authority for thus changing the meaning of a well known term, and the nature of a well known estate, and adopting a construction leading to uncertainty and confusion of principles.

The argument of the appellant's counsel seems to be founded on the idea that in *all* cases the widow is entitled, not only to her dower in the *real estate,* but in what may be considered, in his view of the subject, as dower in the *personal* estate of the deceased husband. The *Statute* of 1805. *c.* 90. *sec.* 2. contains an answer to this argument, in the following words—" that when " any person shall die possessed of àny personal estate, or of " any right or interest therein, *not lawfully disposed of by last* " *will,*—if the intestate shall leave a widow and issue, the widow " shall be entitled to *one third part* of the residue ; or if there " be no issue, to *one half part* thereof." The *legal rights* of the widow in and to the personal estate of the husband, exist, therefore, only in cases of intestacy ; and so do not exist in the present instance.

The whole doctrine upon this subject is founded upon the well-known principle that the right of dower can never be taken away or impaired by any act of the husband :—it is beyond his control, and is guarded by the law with care and vigilance. But the personal estate of the husband is under his absolute dominion. He may dispose of it as he pleases, in his life time, wisely or foolishly ; and he may by his will bequeath it according to his own judgment or caprice, without the consent of the wife, and in opposition to her will. On this principle of law the provisions of our statutes are founded. If, therefore, a widow is not satisfied with such provision as her husband has been pleased to make for her, she may at once reject it, and resort to her *legal* rights ; and demand whatever she could have been entitled to, at *all events,* and in defiance of all his acts,—that is,—her *dower* in his estate, over which he had no control. This is all which the act of 1783 allows her to claim under such circumstances.

It has been contended by the counsel for the appellant, that inasmuch as the widow in this case waived the provision in the will which the testator had made for her, as to the *personal* estate given her, and which she refused, he must be considered as having died *intestate ;* and that therefore she comes within the provisions of the act of 1805. In reply, it may be observed that the widow's right to the personal estate is confined to those cases where the husband *has not disposed of the same by will.* In the present case he did so dispose of it. He did not die *intestate* as to any part of his property. Besides, the general clause in the will operates upon the personal estate given to the widow and *refused,* to pass it away in another direction.

We are all satisfied that the opinion of the Judge of Probate was correct, and accordingly his

*Decree is affirmed.*